IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN RIGGINS,

      Appellant,

                          CIVIL ACTION NO.

v.                          1:12-cv-03015-JEC

MERRITT MAYNARD AMBROSE, JR.,

      Appellee.

**ORDER & OPINION**

     This action is presently before the Court on appellant's appeal of bankruptcy court's order to reopen a closed bankruptcy proceeding. For the reasons set forth below, the Court **REVERSES** the bankruptcy court's decision to reopen the case and **REMANDS** for further proceedings consistent with this opinion.

**BACKGROUND**

     The facts of this case are largely undisputed. On May 6, 2010, Merritt Ambrose ("the debtor") sent a letter to Erin Riggins demanding the recovery of unpaid distributions pursuant to his membership in Pharmaceutical Grade Health Products, LLC and Global Processing Systems, LLC (collectively, the "Companies"). (Demand Letter, attached as Ex. D to Objection to Debtor's Mot. To Reopen [1

7].) In this letter, the debtor argued that, as a member of the Companies, he was entitled to an equitable share of all earnings of the Companies to date. (*Id.* at 1.)

On May 28, only twenty-two days after his attorneys had sent this demand letter, the debtor filed a Chapter 7 bankruptcy petition. (Bankr. Pet., attached to Bankr. R. [1-4] at 3.) Under penalty of perjury, the debtor swore that his bankruptcy was a "no asset" case by indicating that he believed "no funds would be available for distribution to unsecured creditors." (*Id.* at 1.) Further, the debtor indicated that he had no stock in or interests in any business, (*id.* at 34), and did not list himself as owning more than a 5% share in either of the Companies. (*Id.* at 27.) Of course, both statements appear to be lies.

On August 19, 2010, the appointed Chapter 7 trustee, Robert Trauner, issued his report of "no distribution." (*See* Bankr. Dkt. Sheet, attached to Bankr. R. [1-1] at 3.) Based on this recommendation, the bankruptcy court issued an order approving the trustee's report of "no distribution," closing the estate, and discharging the debtor under 11 U.S.C. § 727. (Discharge of Debtor Order, attached to Bankr. R. [1-5].) Only three months after his bankruptcy case was discharged, the debtor turned around and filed suit against Riggins in the Superior Court of Cobb County ("state action"). (Debtor's Mot. to Reopen, attached to Bankr. R. [1-6] at

¶ 3.)

In the state action, the debtor demands unpaid distributions owed to him because of his 25% ownership stake in the Companies. (*Id.*) After discovering that the debtor had previously filed for bankruptcy and had failed to mention the stake in the Companies he now alleges in the state action, Riggins filed for summary judgment in the state action. (*Id.* at ¶ 5.) In his motion, Riggins argued that the debtor is judicially estopped from maintaining the case for failing to disclose his ownership interests in the Companies. (*Id.*) On November 29, the state court stayed its case pending the final disposition of the reopening of the bankruptcy proceeding. *Ambrose v. Riggins*, Civ. No. 11-1-721-34, Order Approving Consent Mot. to Stay (Cobb County Super. Ct. Nov. 29, 2012)(Ingram, J.).

## I. **HEARING**

On June 21, 2012, the bankruptcy court held a hearing on the debtor's motion to reopen. (Hr'g Tr., attached to Bankr. R. [1-9].) Debtor's counsel appeared on behalf of his client but stated that he had not asked, and did not know, the reason why the debtor had failed to disclose this potential asset, and thereby had made a false statement in his bankruptcy case. (*Id.* at 9.) Debtor's incurious counsel argued, however, that the intentions of his client should not have any weight on whether to open the bankruptcy, because doing so would unfairly penalize the trustee. (*Id.* at 9-10.)

3

Bankruptcy counsel for appellant Riggins appeared along with Riggins' counsel in the state action, should any facts of that case need to be discussed. (*Id.* at 6-7.) Appellant argued that debtor was being disingenuous in his argument that he had filed his motion for the benefit of the creditors. (*Id.* at 4-5.) Appellant maintained that the only reason the debtor wants to reopen the case is to prevent summary judgment in his state action. (*Id.*)

Since he had been discharged as trustee, Mr. Trauner was not present at the hearing, but a representative for the United States Trustee did appear. (Hr'g Tr. [1-9] at 7.) This representative wanted to make the judge aware of all of the factors to be considered and that "one of the primary factors for [a] court to look at is whether it was intentional or a bad faith failure to disclose." (*Id.* at 8.)

After listening to all of the parties' arguments, the bankruptcy judge noted some decisions she had found particularly helpful. (*Id.* at 15-16.) She discussed the relationship between good faith and the appellant's judicial estoppel argument and noted her belief that reopening the case would not moot any estoppel argument that Riggins wished to pursue in the state action. (*Id.* at 16.) Ultimately, the judge concluded that, given the pending lawsuit, there appeared to be a potential asset of sufficient value to justify reopening the case and allowing the trustee to evaluate what to do. (*Id.* at 17.)

4

On July 17, 2012, the bankruptcy court issued its written order reopening the case. The order found that the omitted asset was property of the estate and that the Chapter 7 trustee is the real party in interest. (Bankr. Order, attached to Bankr. R. [1-3] at 2.) The court ordered the trustee to decide how to administer the claim, but reserved ruling on any issue involving judicial estoppel. (*Id.*)

Riggins has appealed the bankruptcy court's order and filed a brief in support. (Appellant's Br. [3].) Debtor-appellee filed no response, thereby suggesting no opposition to Riggins' efforts to prevent a reopening of the case.[1]

## DISCUSSION

### I. LEGAL STANDARD

Riggins appeals the bankruptcy court's decision to reopen the present bankruptcy proceeding. (Not. of Appeal, attached to Bankr. R. [1-2].) Jurisdiction over appeals from final orders[2] by a bankruptcy court is vested in federal district courts. 28 U.S.C. § 158(a). The district court is bound by the findings of fact made by the bankruptcy court unless it finds them clearly erroneous. *In re*

---

[1] Of course, a refusal to reopen the case could represent a "win-win" for the apparently dishonest debtor if the Cobb County court rules against appellant on the judicial estoppel argument. Then, the debtor would be able to keep his litigation winnings, with no need to share with his former creditors.

[2] This Court has assumed that the bankruptcy court order was final.

5

*Sunshine-Jr. Stores, Inc.*, 198 B.R. 823, 825 (M.D. Fla. 1996). However, the court must do an independent, *de novo* review of all conclusions of law and the legal significance of any facts. *Id.*

**II.   APPELLANT'S APPEAL OF ORDER REOPENING BANKRUPTCY**

The appellant asks this Court do decide whether the bankruptcy court erred in reopening the debtor's Chapter 7 bankruptcy. Specifically, appellant argues that the court erred when it determined that the debtor's lack of good faith was irrelevant in deciding whether to reopen the case and thus did not require the debtor to present evidence of good faith or cause.[3] (Appellant's Br. [3] at 3.)  The written order does not fully explain the reasons leading to the bankruptcy court's conclusion or which considerations ultimately played a factor in its decision. (*See* Bankr. Order [1-3].)  The transcript from the hearing similarly does not disclose exactly which factors were eventually considered by the bankruptcy judge.  While the judge's statements provide some insight into which arguments she found more persuasive, the only explicit reason given was that the claim "on its face [] appears to be of value." (Hr'g Tr. [1-9] at 18.)

---

[3]   Appellant argues that the bankruptcy court erred when it failed to require any evidence from the debtor because no "cause" to reopen could be shown. (Appellant's Br. [3] at 12.) This argument is without merit.  A bankruptcy court may reopen a case for "cause," but it may also reopen a case to administer assets.  11 U.S.C. § 3(b).

6

At the hearing, the bankruptcy judge correctly observed that "there are cases all over the board on this question of reopening, and judicial estoppel, and good faith, and exactly what the standard should be, even by the Eleventh Circuit." (*Id.* at 15.) These cases indicate that the decision whether to reopen a bankruptcy case in a situation such as this is particularly fact-intensive. This Court cannot properly evaluate the specific issues presented in this appeal in the absence of factual findings and a fuller explanation of the reasons underlying the bankruptcy court's decision to reopen. Thus, a fuller record must be developed. For this reason, the Court **REVERSES** the decision to reopen this proceeding and **REMANDS** the case back to the bankruptcy court for a fuller evidentiary hearing.

### III. FACTORS TO BE CONSIDERED ON REMAND

#### A. Eleventh Circuit Decisions On Judicial Estoppel

The Eleventh Circuit has addressed the issue of judicial estoppel and the failure to disclose a potential legal claim in a bankruptcy petition on several occasions in recent years. In *Burnes*, the circuit issued a stern warning to bankruptcy petitioners who failed to disclose a potential legal claim as an asset by barring a debtor's employment discrimination claim because he failed to disclose the potential discrimination lawsuit in his bankruptcy filing. *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002). The *Burnes* court found that "[a]llowing [a debtor] to

7

back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Id.* at 1287.  This sort of perverse incentive undermines the goals of a bankruptcy proceeding, which requires "the full and honest disclosure of the debtor concerning any potential assets that could increase the value of the estate for the creditors." *Id.* at 1288-89.

However, a debtor's bad faith does not necessitate a finding that judicial estoppel applies. *See Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004).  In *Parker*, the Eleventh Circuit appeared to back away from the strict ruling in *Burnes*. *See id.* at 1272.  *Parker* also involved a situation where the defendant invoked judicial estoppel because the plaintiff failed to disclose the suit in his previously-filed and administered bankruptcy petition.  The district court found its case indistinguishable from *Burnes* and thus barred the claim.  *Id.* at 1270.  The Eleventh Circuit, however, reversed, finding that the trustee, not the debtor, was the true owner of the claim and that the trustee had made no false representations to the bankruptcy court for which judicial estoppel should now apply.  *Id.* at 1273.

Although *Parker* and *Burnes* appear to be in conflict, a few factual distinctions may explain their differing conclusions.  First,

8

in *Parker*, the debtor moved to reopen her bankruptcy petition before the defendant had made its motion arguing judicial estoppel. *Parker*, 365 F.3d at 1270. That evidence arguably supported a finding that the non-disclosure was inadvertent and that the reopening was more about correcting this error than a litigation ploy. Second, and perhaps more importantly, in *Parker*, the trustee, not the debtor, moved to reopen the bankruptcy proceeding and had already intervened in the non-bankruptcy action. *Id.* Thus, it was already clear that the trustee would be pursuing the action, которая necessarily suggested that the undisclosed asset had potential value.

Although these decisions explicitly discuss the reopening of the bankruptcy proceedings, the bankruptcy court below correctly noted that these Eleventh Circuit decisions came through appeals on the issue of judicial estoppel in the undisclosed legal action, not through an appeal of a bankruptcy court's decision to reopen its case. (Hr'g Tr. [1-9] at 15.) Thus, albeit informative, these decisions do not dictate the decision that a bankruptcy court should make in deciding whether to reopen a case. *See In re Upshur*, 317 B.R. 446 (Bankr. N.D. Ga. 2004); *In re Rochester*, 308 B.R. 596 (Bankr. N.D. Ga. 2004).

**B. Factors To Consider**

A bankruptcy case may be reopened to administer assets, accord relief to the debtor, or for other cause. 11 U.S.C. § 350(b). The

9

power afforded to the court to reopen a case is great and the bankruptcy court contains broad discretion. *In re Rochester*, 308 B.R. at 600. "When considering whether to reopen a bankruptcy case in the context of an undisclosed cause of action, courts have [] considered the following three interests: 1) the benefit to the debtor; 2) the prejudice or detriment of the defendant in the pending litigation; and 3) the benefit to the debtor's creditors. *Id.* at 601. Additionally, courts look to "whether the debtor was intentionally committing fraud." *In re Upshur*, 317 B.R. at 450.

Bankruptcy courts in this district emphasize that when the motion to reopen is to add an asset, the most important consideration is the benefit to the creditors. *Id.; see also In re Rochester*, 308 B.R. at 601. Therefore, a court may deny a motion to reopen "where the chance of any substantial recovery for creditors appears too remote to make the effort worth the risk." *In re Lopez*, 283 B.R. 22, 27 (B.A.P. 9th Cir. 2002)(internal quotations omitted). In this case, the possibility that the previously-undisclosed asset could become available for disbursement to creditors depends on the likelihood of that outcome. The appellant has argued that the benefit to creditors may be insubstantial, if there is any benefit at all. (Hr'g Tr. [1-9] at 6.) A fuller hearing should flesh out this fact.

Whether or not the creditors may benefit, the intent of the

10

debtor remains a factor and the concerns voiced in Burnes and its progeny[4] are still relevant and to be considered.  *See In re Rochester*, 308 B.R. at 605 (considering debtor's intentions underlying his failure to disclose); *In re Barger*, 279 B.R. 900, 906 (Bankr. N.D. Ga. 2002)(reopening bankruptcy after considering and finding that debtor's failure to disclose was not intentional and did not amount to concealing claim).

When weighing the competing interests, it is evident that most bankruptcy courts wrestle with a way to ensure that creditors may reach a potential asset, while also not encouraging debtors to profit by gaming the system.  *See, e.g. In re McMellon*, 448 B.R. 887, 895 (S.D. W.Va. 2011)(reversing bankruptcy court's ruling and denying debtor's motion to reopen without prejudice but remanding "with . . . instruction[s] to consider whether the trustee would pursue this claim on behalf of the estate" in order to allow trustee to file its own motion to reopen); *In re Upshur*, 317 B.R. at 453 (discussing ways debtor would be prevented from profiting from any alleged fraud even if bankruptcy was reopened).  The court below similarly articulated the competing interests, (*see* Bankr. Order [1-3] at 2), and appears

---

[4] Shortly after *Burnes*, the Eleventh Circuit decided two similar cases where it used similar reasoning to support a finding that judicial estoppel was warranted.  *See Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003) and *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir. 2003).

11

to take an approach similar to the *Upshur* court. (*See* Hr'g Tr. [1-9] at 16-17.)[5]

Nevertheless, this Court concludes that, at the least, some lip service should be paid to the debtor's intent and that he should, at a minimum, be forced to appear and, under oath, explain himself. This was the approach in the case cited by the United States Trustee at the hearing: *In re Rochester*. While recognizing that the issue before him was whether to reopen the bankruptcy proceeding, and not whether judicial estoppel applied, Judge Drake found that, in order to achieve the policy goal of encouraging full disclosure in the bankruptcy process, he must consider whether the debtor's failure to disclose was intentional. *In re Rochester*, 308 B.R. at 604-05. Ultimately, Judge Drake found that the conduct by the debtor in his case did not warrant denying his motion, *id*. at 608, and the court below is similarly free to make such a finding. If it finds that the debtor acted in bad faith, such a finding would not require denial of the motion because "a former debtor's alleged bad faith is never a sufficient basis *by itself* to deny a motion to reopen." *In re Lopez*,

---

[5] This case and the *Upshur* case differ in one potentially significant aspect: the underlying legal action in *Upshur* was a federal claim residing in this district. Thus, in *Upshur*, Judge Bihary was acutely aware of the standard that would be applied in the district court (*i.e.*, the *Burnes* and *Parker* decisions). In this case, the underlying claim resides in state court and Georgia courts' approach to judicial estoppel could differ from the Eleventh Circuit's approach.

283 B.R. at 24 (emphasis added).  The bankruptcy court is also free to find that any bad faith on the part of the debtor is outweighed by the consideration of other factors, but a hearing should be held to establish these facts.  With a complete record, the bankruptcy court will be better able to explain its reasoning.

The Court recognizes that "the decision whether to reopen should not become a battleground for the litigation of the underlying merits," *id.* at 28, and that the issue being decided is not judicial estoppel.[6]  However, "the success of our bankruptcy laws requires a debtor's full and honest disclosure," and these considerations should be taken into account when ruling on the debtor's instant motion. *See Burnes*, 291 F.3d at 1288.

### CONCLUSION

For these reasons, the Court **REVERSES** the bankruptcy court's decision to reopen the case and **REMANDS** the case.  The bankruptcy court should hold an evidentiary hearing to address the factors discussed above and thereafter issue a written setting out the court's specific facts and legal conclusions pertinent to its decision.  Any such hearing should permit a finding as to whether the debtor purposely lied *and* a finding as to the likelihood that the

---

[6] As noted, in its written order, the bankruptcy court "reserves ruling on the issue of judicial estoppel" to a later date, but also recognized that the proper venue for the judicial estoppel decision will be in the Cobb Superior Court.  *See Burnes*, 291 F.3d at 1282.

13

Trustee would pursue the state-law action, and the Trustee's reasoning on that point.

SO ORDERED, this 30th day of September, 2013.

                                            /s/ Julie E. Carnes
                                            JULIE E. CARNES
                                            CHIEF UNITED STATES DISTRICT JUDGE